# PARAS, APY & REISS

*21 Years of Professionalism*

*A Professional Corporation for the Practice of Family Law*

BONNIE M.S. REISS o +
PATRICIA E. APY *
PETER C. PARAS o

MICHAEL J. FLERES ◊
ELISSA A. PERKINS

o *Fellow, American Academy of Matrimonial Lawyers*
\* *Fellow, International Academy of Family Lawyers*
\+ *Supreme Court of New Jersey Approved Mediator*
◊ *Certified by the Supreme Court of New Jersey as a Matrimonial Law Attorney*

THE GALLERIA
2 BRIDGE AVE., SUITE 601
RED BANK, NJ 07701
TELEPHONE (732) 219-9000
FACSIMILE (732) 219-9020
EMAIL familylaw@parasapyreiss.com
WEBSITE www.par-law.com

PARALEGALS:
AMY BROZA
ANN POWELL
SUSAN N. RHONHEIMER

April 2, 2018

Hon. Susan D. Wigenton
United States District Court, District of New Jersey Newark
MLK Jr. Federal Building & Courthouse
Room 5060
50 Walnut Street
Newark, NJ 07102Dear Judge Wigenton,

    RE:    Gerval v. Gonzales
              Case No. 2:17-cv-12179-SDW-LDW

Dear Judge Wigenton:

    I have reviewed correspondence filed on March 29, 2018 by Mr. Arenstein, counsel for the Petitioner Mr. Gerval in the above captioned matter.

    As you are aware, before this Court appointed me to serve as Law Guardian, we ran a conflicts check with the names of both parties. That check is designed to reveal any clients, or potential clients with whom counsel have had consultation. That includes initial consultation in the form phone calls, personal consultations or email exchanges with between counsel and clients. That search was negative.

    On Tuesday March 2nd, I received a call from Mr. Arenstein, on behalf of his client, addressing briefly my role, and seeking my initial impressions of the case, which I provided to him. The following day Mr. Arenstein contacted me and indicated that he believed there may be a conflict, based upon our having previously consulted with his client. Before speaking to Mr. Arenstein, I ran a check of our entire email server. I discovered that Mr. Gerval sent an email to our general firm account (not to my personal email or to any attorney) on May 15, 2017 in which he indicated that he was seeking representation, attached to the email was a zip drive. Prior to doing the search I had never read the email, and I have not opened the zip drive file.

    I emailed Mr. Arenstein on Wednesday at 4:14 pm and told him that I had never spoken to his client, and that I had not accessed the zip drive. There was no consultation

# PARAS, APY & REISS

The Hon. Susan D. Wigenton
April 2, 2018
Page 2

with Mr. Gerval and I have provided no advice in written or oral form. I assured Mr. Arenstein that my initial impressions of this matter, which I discussed with him the day before, were based exclusively upon the certifications filed by the parties with their pleadings.

I receive hundreds of unsolicited requests regarding representation, often by email and my paralegal usually invites the potential client to provide information and to set up an appointment for an initial consultation , prior to my even being aware of the contact. She might ask me about schedule or capacity in advance of making an appointment, but until confirmation of the appointment and payment for the initial consultation, I typically do not review client submitted documents. I have no idea why the inquiry went no further with Mr. Gerval.

Mr. Arenstein's letter makes several factual allegations which I believe are incorrect. I have had no "communications" with Mr. Gerval. Because I had read none of the information which Mr. Gerval sent to our firm, no disclosure of information has been made to me.

I do not have record of an email of October 19, 2017 being sent to my email address, and I have checked my inbox, sent and deleted files. It is possible, however, if it was directed to the firm email account, or another email in the firm, that it was deleted.

I indicated to Mr. Arenstein, that I do not believe that under these facts there is any reason that Mr. Gerval's unilateral communication with our office, would present a conflict of interest.

In order to demand our disqualification from representing the minor child in this matter Mr. Arenstein would first be required demonstrate that "significantly harmful" information regarding Mr. Geval's matter was actually communicated to me. *O Builders & Associates v. Yuna*, 206 N.J. 109, 125 (2011). The letter does not assert what information he has disclosed that has proven prejudicial, let alone significantly harmful. The Supreme Court of New Jersey has made it clear that "if the former prospective client believes that he already disclosed information to counsel he should not object to doing so again in a motion." *O Builders*, 206 NJ at 129.

Because I have never read the materials that were allegedly sent by Mr. Gerval, I have no idea (nor have I requested a reason) why those materials would be prejudicial to Mr. Gerval, nor do I know why Mr. Arenstein's client didn't ask him to initially raise the issue of conflict, before he had the benefit of my preliminary thoughts on the case.

In keeping with this Court's desire to avoid unnecessary motion practice, and given the abbreviated time frame. I did suggest that if Mr. Arenstein continued to believe, regardless of my assurances in the alternative that a conflict existed, that he write to the Court.

However, I disagree that this issue can be discussed out of the presence of opposing counsel. Given that I am in possession of no information regarding Mr. Geval other than those included in the filed pleadings, there is no reason that the resolution of this issue should not be done in consultation with both counsel. Further, since the allegation is that I had "prior communications" with Mr. Geval, certainly Ms. Gonzalez's counsel should be permitted to weigh in on behalf of her client.

I am fully prepared to submit to this Court for the resolution of this issue, without the necessity of either a conference call or a motion, given the nature of my appointment by this Court, and the content of counsel's correspondence.

Finally, I would reassert that my appointment before the Court is as a Law Guardian, and not a Guardian ad Litem. I am not preparing an evidential report for the Court, I am acting as counsel for the interests of the child within these proceedings. Therefore, my initial responsive submission will be in the form of a Letter Memoranda based upon the existing filed certifications of the parties. I intend to file by the end of business tomorrow, unless otherwise directed by the Court.

Respectfully,

Patricia E. Apy

Cc: Robert Arenstein, Esq.
Richard Min, Esq.
Kristi Lipari, Esq.