IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| In the Matter of C.G. )<br>)<br>Emeric Gerval, )<br>)<br>    Petitioner, )<br>)<br>  v. )<br>)<br>Niurkas Gonzalez, )<br>)<br>    Respondent. )<br>)        | Case No. 17-cv-12179<br><br>**CERTIFICATION** |

Robert D. Arenstein, of full age, being duly sworn according to law, upon his oath hereby deposes and states:

1. I am the attorney for Emeric Gerval, the petitioner in the above-captioned matter and am fully familiar with the facts and circumstances set forth herein. I submit this Certification in support of the Motion to Disqualify the Law Guardian, Patricia E. Apy, Esq.

2. On or around May 17, 2017, Petitioner, Emeric Gerval, sent an email to Ms. Apy's office regarding the abduction of his child and ask her to represent him in the case against his Wife. The email stated that he was looking for an attorney to represent him and provided background information regarding the abduction. A copy of this email is annexed hereto as **Exhibit A**.

3. Ms. Apy acknowledges that her office received this email along with a zip drive attached to the email. See ECF filed Document 33. She claims that she never read the email and have not opened the zip file.

4. However, on or around May 17, 2017, Ms. Amy Broza, with an email address, ABroza@parasapyreiss.com, wrote Petitioner, stating "I reviewed your inquiry with Ms. Apy"

and requesting that he forward any other filings in any court "for Ms. Apy's review." A copy of this email is annexed hereto as **Exhibit B**.

5. This email from Ms. Broza belies Ms. Apy's statement that no consultation between her firm and Mr. Gerval occurred. Ms. Broza clearly states that Petitioner's email and/or documents were discussed with Ms. Apy.

6. Further on or around October 19, 2017, Petitioner sent a follow up email directly to Ms. Apy (instead of a general firm email) at papy@parasapyreiss.com. This email further contained nine (9) attachments related to Petitioner's case for abduction against the Respondent, including correspondence between the parties. A copy of this email is annexed hereto as **Exhibit C**.

7. Ms. Apy has denied having a record of an email, dated October 19, 2017, being sent by Petitioner to her. However, it is clear that Ms. Apy's conflict check were not complete and thorough. Not only did Ms. Apy discuss Petitioner's case in or around May 2017 with another member of her firm, she also directly received numerous documents in or around October 2017.

8. I have previously requested to Ms. Apy that she withdraw from this matter and she refused. I have now been put in a position to make this motion to disqualify her as my client is not happy with her being on this case and feels like she is conflicted in this matter.

9. This Court's local rules, Rule 103.1(a) states that

> The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law.

10. The New Jersey Rules of Professional Conduct, Section 1.18, governing Prospective Clients states the following, in relevant part:

(a) A lawyer who has had communications in consultation with a prospective client shall not use or reveal information acquired in the consultation, even when no client-lawyer relationship ensues, except as RPC 1.9 would permit in respect of information of a former client.

(b) A lawyer subject to paragraph (a) shall not represent a client with interests materially adverse to those of a former prospective client in the same or a substantially related matter if the lawyer received information from the former prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (c).

(d) A person who communicates with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a "prospective client," and if no client-lawyer relationship is formed, is a "former prospective client."

11. Petitioner was clearly a prospective client of Ms. Apy's firm. He communicated with her and her firm regarding the possibility of forming a client-lawyer relationship. And Ms. Apy clearly "received information" from Petitioner that "could" be significantly harmful to him in this matter.

12. I respectfully asked the court to have a conference or a hearing before Ms. Apy produces any report or offers any opinion on any issue in this case. There is a clear conflict of interest in this case.

13. Pursuant to Federal Rules of Civil Procedure, Rule 65(a)(1), I provided written notice to Ms. Apy and Respondent's counsel of this request for a temporary stay with respect to any Law Guardian report. I have also provided Ms. Apy and Respondent's counsel a copy of this motion.

14. No previous application has been made to this Court for the relief requested herein.

WHEREFORE, Petitioner respectfully requests that this Court grant the Motion to disqualify the Law Guardian in its entirety and for such other relief as this Court deems just and proper.

Dated: April 3, 2018

_____
Robert D. Arenstein (RA0580)
*Attorney for Petitioner*
691 Cedar Lane
Teaneck, New Jersey 07666
T: (201) 836-9648
F: (772) 679-3997