# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

May 14, 2018

To:   All counsel of record

### LETTER ORDER

RE:   *In the Matter of C.G.*
      Civil Action No. 17-12179 (SDW) (LDW)

Dear Counsel:

Before the Court is the motion of petitioner Emeric Gerval to disqualify Patricia E. Apy, Esq., and her law firm Paras, Apy, Reiss, PC, from acting in the court-appointed role of Law Guardian for C.G., the minor child in this action. Familiarity with the facts and procedural history of this case is assumed. By way of brief background, petitioner is C.G.'s father. He initiated this action under The Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. § 9001, in November 2017 by way of a petition and motion for an Order to Show Cause to return C.G. to France, petitioner's place of residence. Respondent Niurka Gonzalez is C.G.'s mother and opposes the petition. ECF Nos. 1, 2.

On March 14, 2018, the Honorable Susan D. Wigenton, U.S.D.J., appointed Ms. Apy as Law Guardian to represent C.G.'s interests in this action. ECF No. 30. Petitioner filed a motion to disqualify Ms. Apy and her firm on April 3, 2018. ECF No. 35. He asserts that Ms. Apy is conflicted in this matter under New Jersey Rule of Professional Conduct ("RPC") 1.18 on the grounds that petitioner sent emails to Ms. Apy and her firm in May 2017 and October 2017 seeking legal representation in connection with this matter and attaching documents. ECF No. 35-1 ¶¶ 2-3, 5; *see also* ECF Nos. 35-2, 35-3, 35-4. He relies on Ms. Apy's paralegal's response to the first of these emails, stating that she reviewed the inquiry with Ms. Apy and requesting more information to determine if the firm could be of assistance. ECF No. 35-3. The record does not reflect that any additional communications from the firm to petitioner occurred. Petitioner's counsel also asserts that he had phone conversations with Ms. Apy after her appointment in which Ms. Apy made certain observations about petitioner's petition based on information that she "could not have known" without reviewing petitioner's emails and attachments. ECF No. 35-1 ¶ 6.

After discussing this issue with the parties during a telephone conference held on April 5, 2018, the Court ordered Ms. Apy to respond to petitioner's motion by way of a certification, which

Ms. Apy timely filed on April 23, 2018. (ECF No. 38). Ms. Apy asserts as follows: Paras, Apy, Reiss, PC ran a conflicts check prior to the Court's appointing Ms. Apy as law guardian, which revealed no conflict. Ms. Apy asserts that after her appointment, she voiced preliminary observations and opinions during telephone conversations with petitioner's counsel based on her review of the pleadings and the existing law only. After petitioner raised the conflict issue, Ms. Apy initiated a search of Paras, Apy, Reiss, PC's general email box, which revealed petitioner's May 2017 email. Ms. Apy has no record of petitioner's October 2017 email to her individual firm email account. She asserts that she did not review the contents any of the email attachments and has no knowledge of what they contain. *See generally id.* Petitioner did not reply to Ms. Apy's certification.

Having considered petitioner's motion and Ms. Apy's certification, the Court rules that petitioner's motion is **DENIED**. Ms. Apy's certification confirms that her representation of C.G. in this matter does not run afoul of RPC 1.18.

Local Civil Rule 103.1(a) provides that the New Jersey RPCs govern the conduct of attorneys admitted to practice in this District. With respect to a motion to disqualify an attorney under the RPCs, it is the movant's burden to demonstrate that disqualification is appropriate. *Bell v. Cumberland County*, Civ. A. No. 09-6485 (JS), 2012 WL 1900570, at *2 (D.N.J. May 23, 2012). Under RPC 1.18, "[a] lawyer who has had communications in consultation with a prospective client shall not use or reveal information acquired in consultation, even when no client-lawyer relationship ensues." RCP 1.18(a). RPC 1.18(b) provides that a lawyer subject to RPC 1.18(a) may not represent "a client with interests materially adverse to those of a former prospective client in the same or a substantially related matter if the lawyer received information from the former prospective client that could be significantly harmful to that person in that matter." RPC 1.18(b). RPC 1.18(d) defines a prospective client as "[a] person who communicates with a lawyer the possibility of forming a client-lawyer relationship." RPC 1.18(d). The Official Comment to RPC 1.18 provides that "an uninvited electronic communication is not, without more, considered to be a consultation with a prospective client." RPC 1.18 Official Comment (Aug. 1, 2016).

Here, Ms. Apy's detailed certification confirms that no consultation with petitioner occurred. Petitioner's sending of unsolicited emails to Ms. Apy and her firm is insufficient, without more, to establish communications in consultation with a prospective client. *See id.* Indeed, Ms. Apy certifies under oath that she did not review the May 2017 email attachments and has no knowledge of what they contain, has no record of the October 2017 email at all, and did not have an initial consultation with petitioner. ECF No. 38 ¶¶ 8-11. Ms. Apy further explains that she receives "hundreds of emails from prospective clients and other interested parties from all over the world"; typically, her paralegal will screen the inquiries and may inquire as to Ms. Apy's schedule and/or ability to take new cases. Ms. Apy certifies that she never reviews documentation sent to Paras, Apy, Reiss, PC unless the firm is "retained for an initial consultation," and that she never spoke with petitioner at all. *Id.* ¶ 8. Accordingly, petitioner is not a former prospective client of Ms. Apy or her firm under RPC 1.18.

In any event, there is no basis to conclude that Ms. Apy received any information from

petitioner that could be "significantly harmful" to him in this action. Ms. Apy certifies that she did not review any of the attachments that petitioner claims contain such information. *See State v. S.J.*, No. FO-01-138-12, 2012 WL 4855943, at *4 (N.J. Super. Ct. App. Div. Oct. 15, 2011) (per curiam) (reversing trial court's disqualification of attorney representing defendant in domestic violence contempt proceeding, holding that the attorney's partner's initial interview with the victim regarding a divorce, and her delivery to the firm of a matrimonial file that was not reviewed and returned to previous counsel, did not prohibit representation of the defendant under RPC 1.18).

Petitioner's attempts to dispute Ms. Apy's affirmation that she did not review the email attachments are unpersuasive. He appears to be arguing that Ms. Apy must have reviewed the information because her paralegal responded to the May 2017 email stating that she had reviewed petitioner's inquiry with Ms. Apy and would need more information to determine whether the firm could be of assistance. Ms. Apy explains, however, that such a response is "consistent with [her firm's] process" of screening the hundreds of email inquiries it receives from prospective clients and interested parties. ECF No. 38 ¶ 8. Similarly, petitioner's counsel's phone conversations with Ms. Apy, and his speculations about what Ms. Apy could or could not have known without reading certain documents, do not alter the Court's conclusions. Ms. Apy certifies that in her conversation with petitioner's counsel, she "voiced concerns" about the petition and discussed certain legal standards based solely on her review of the pleadings and knowledge of the existing law. *Id.* ¶¶ 5, 12. Having also reviewed the pleadings in this matter, the Court concludes that the record provides no basis to conclude otherwise. Petitioner's motion to disqualify Ms. Apy is therefore denied.

**SO ORDERED.**

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Counsel of Record

3