UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In the Matter of C.G., | : | **Case No. 17-cv-12179-SDW-LDW** |
|  | : |  |
| Emeric Gerval | : |  |
|       Petitioner, | : |  |
| v. | : |  |
|  | : |  |
| Niurka Gonzalez, | : |  |
|  | : |  |
|       Respondent | : |  |
|  | : |  |

**RESPONSE TO PETITION FOR RETURN, APPLICATION
FOR DISMISSAL OF PETITION AND ALTERNATIVE RELIEF**

PRELIMINARY STATEMENT

1. Pursuant to 22 USC 9001, and 22 USC 9004 et seq., and in accordance with the Order entered by this Court on March 28, 2018; and confirmed by Order entered May, 14, 2018; Patricia E Apy Esq. answers the Petition and Answer filed by both parties in the above captioned matter, on behalf of the minor child C.G. Respectfully, that application asserts that the Petitioner, Emeric Gerval has not met the statutory requirements to provide for the extraordinary relief contained in the requested orders, and alternatively there exist affirmative defenses which require the Court to exercise its discretion in denying a return. Accordingly, it is respectfully requested that the application must be dismissed. *Didon v Castillo*, 830 F.3d 313 (3d Cir. 2016); *Koch v Koch* 450 F.3d. 703,711 ( 7th Cir. 2006)

2. The Law Guardian concurs that both the United States of America and France are Contracting States under the Hague Convention on the Civil Aspects of International

Child Abduction (hereinafter referred to as "The Convention"); that the Treaty applies; and that venue is properly before this Court in accordance with 22 USC 9003.

3. The Law Guardian agrees with the original states signatory of the Treaty and the express language they chose which indicates that they were, "firmly convinced that the interests of children are of paramount importance in their custody." The application of the Convention is designed to secure the return of wrongfully removed or retained children, victims of child abduction and restore them to the country of habitual residence, where they resided "immediately before any breach of custody or access occurred." Article 4.

4. As Law Guardian of a child of the age of this one, the most important element of meeting the requirements of the charge of this Court, is to insure that the best interests of a minor child, are eventually considered by the Court of competent jurisdiction, in the Country which has served as her habitual residence.  A review of the petition and accompanying documentation  filed before this Court, and the documents in support of the Petition, without more, confirms that the minor child in this matter has not been subjected to a wrongful removal or retention by a parent, from her habitual residence within the meaning of the Convention, and therefore, any ongoing dispute with respect to her best interests, is not a matter of the application of Federal law, but of an eventual substantive inquiry of the Court of competent jurisdiction.

## JURISDICTION

5. The portion of this action brought alleging a wrongful removal and/or retention of the minor child, C.G; pursuant to the Convention and 22 U.S.C.9001 et. seq., the International Child Abduction Remedies Act (hereinafter ICARA) would, if true,

constitute a cause of action cognizable under the Act., and as a result, this Court may, as an initial proposition, exercise its concurrent jurisdiction, limited to a determination of the application of the Treaty.  Based upon the affirmative filing of the Petitioner, I do not believe that he has raised a *prima facie* case, and therefore, no separate exercise of "federal question' jurisdiction has been raised. 28 USC 1331.

## NEW JERSEY PROCEEDINGS

6. It is uncontroverted that on May 3, 2017, the Respondent Mother filed the first application before any judicial body seeking an order affirming the physical custody of the minor child in the Mother, subject to the exercise of rights of parental access of the Petitioner Father, which she sought be established in that proceeding. At the time when her application was filed, she affirmed that the minor child had been in the United States, from approximately August 15, 2015, nearly 1 year and 9 months.  She certified that no application had been made in France with regard to the care or custody of the child.

7. In response to that filing, both parties engaged counsel and several things happened. First, in early June of 2016 the parties executed a document severing their civil partnership under French law.  They then began to negotiate a shared parenting agreement; several drafts of orders of Consent were exchanged, but no agreement to a shared parenting plan could be reached.  The return date of the Mother's application was scheduled for July 18, 2017.  The matter was subsequently adjourned until July 31, 2017. Sometime within that time period, the Petitioner filed his administrative application to the French Central Authority under the Hague Convention on the Civil Aspects of International Child Abduction, only a portion of which is appended to the

filed Petition. Sec. 5 of that application, entitled "Annex I", confirms that the Petitioner's Hague application was filed in response to the Mother's State Court filing, and alleges that, " the illegal removal started in July 2016 when my ex-partner canceled her one-way flight tickets and a procedure has been initiated in May 2017 to the New Jersey State Court."  In reviewing the express written document on which the Petitioner relies regarding the parties' agreement, the return date reflected is January of 2016.

8. It is unclear from the appended documents, however, on September 7, 2017 Judge Council received correspondence in the form of a form letter documenting that an administrative filing had been lodged with the French Central Authority and transmitted to the United States Department of State. That letter reiterated the requirements of the Treaty under Article 16: "After receiving  notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide the merits of rights of custody until it has been determined that the child is not to be returned under the Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of notice."

9. While the Petitioner could have immediately advanced his argument of wrongful retention before the State court, as permitted under the Treaty,  he chose not to do so, and argued instead that the State Court proceeding not be permitted to proceed.  The Honorable Gerald Council dismissed, without prejudice, the pending non-dissolution custody action "pending the Hague application" on September 8, 2017.  It would be nearly 3 months, until November 29, 2017 when the first judicial application was made

to the United States Courts. There is no question that under substantive state law, exclusive jurisdiction for the rendering of initial child custody determination wrested in the Superior Court of New Jersey-Family Part, County of Mercer, United States of America.

## FRENCH PROCEEDINGS

10. The Respondent has received notice of proceedings having been initiated on June 26, 2018 by the Petitioner regarding the care and custody of the minor child, to take place in France on or about September 24, 2016. Those documents were not translated into English and were not submitted to the Law Guardian. They are relevant to this Court's determination only to confirm that there exists no order from a French Court establishing the child's habitual residence, nor the issues of parental responsibility, capable of recognition or enforcement.

## STATUS OF THE MINOR DAUGHTER

11. The Petitioner is required to demonstrate, on the face of the Petition, the basis for the application of the Treaty. The Petition asserts that the child was born in France and was five months old at the time that she travelled with her mother to the United States.

12. The document executed by the Respondent contains an agreement by the parties that the Mother and minor child would remain in the United States with the consent of the Father until January of 2016. There is no reference to habitual residence, no reference to choice of law, no reference to the existing law of either country; and this agreement was admittedly not accompanied by any order.

13. In the Father's Annex I, the document submitted to the French Central Authority, he confirms that the Mother did not return in January of 2016. However, according to the

Petition, the first time that the Petitioner is aware that the Plaintiff is not prepared to permanently move back to France is in July of 2016. This provision makes absolutely no sense. There is provided no additional order which extended the consent, nor importantly, no end date by which the minor child was required to be repatriated, after January of 2016. It is clear, that the Petitioner consented to the extension of time for an indeterminate time in the United States, without an express extension of the prior written consent. The Petitioner took no steps to in France or in the United States to secure the immediate return of the minor child to the United States. Despite asserting that there was a new agreement, no proof of same has been provided.

14. Further, the Petitioner waited an entire year, and only after his and his attorney's efforts at negotiating a parenting time agreement were unsuccessful in State Court, to allege that an abduction had taken place. . Either the Petitioner agreed in January of 2016 that the minor child could remain in the United States an indeterminate time, or he acquiesced to the minor child remaining in the United States, and made his Hague application a year and six months after the Respondent failed to return in January. Either way, the habitual residence would under those circumstances be the United States of America.

RIGHTS OF CUSTODY

15. As regards the minor daughter, the Respondent other than the first five months of her life, has resided in the United States. The pleadings reflect only one visit of the Petitioner in July of 2016, It should be noted that despite an order providing a mechanism for the exercise of parental access as a provisional measure, no request has

been made by the Petitioner to the Law Guardian to arrange parental access in any form.

16. While the Petitioner may asserts *de jure* rights of custody pursuant to French law, no such proofs were appended to the Petition.

## RELIEF REQUESTED

WHEREFORE, the Law Guardian, respectfully requests on behalf of the child the following relief:

For an Order pursuant to 42 U.S.C. 9001 et. seq.

    A.    Dismissing the Petition as filed, and denying all other requested relief of the Petitioner;

    B.    Finding that as of no later than January of 2017, if not sooner, the United States of America, State of New Jersey became the habitual residence of C.G. and no wrongful removal or retention has occurred pursuant to Articles 3 and 5 of the Treaty.

## AFFIRMATIVE DEFENSES

Even in the event that that the Court were to determine that the retention of the minor daughter could be considered "wrongful" within the meaning of the Convention, the Court must decline to return the subject children to France pursuant to the provisions of the Treaty

    A.    Pursuant to Article 13(a), the behavior of the Petitioner, both at the time alleged to constitute the wrongful removal and his behavior thereafter, evidences a lack of intention to actually exercise custody rights which may have inured to him as a matter of law, and his behavior subsequent to the removal alleged to be wrongful.

B.  Pursuant to Article 12, the Court should decline to order the repatriation of the child, as the child has become well-settled in the United States State of New Jersey, and there was a year between the date alleged to constitute the wrongful retention of the child, and the filing of the application for return of the child. *Belay v Getachew*, 272 F.Supp 2d 553 ( D.Md. 2003)

## FINAL ORDER

A.  The Respondent seeks an Order dismissing completely the prayer for relief contained in the application as made by the Petitioner with respect to the minor children, and directing the parties to the New Jersey Superior Court, County of Mercer to resolve any disputed terms and conditions of parenting time in accordance with the best interests of the minor child, and for the enforcement of any foreign orders which may in the future be alleged to be capable of such enforcement.

B.  Denying, pursuant to Article 26 of The Convention, any payment of expenditures and/or costs to date alleged by Petitioner to be compensable in this matter.

C.  For such further relief as the Court may deem equitable and just.

DATED:     July 16, 2018

/S/
_____
PATRICIA E. APY, ESQUIRE
Paras, Apy & Reiss, P.C.
The Galleria
2 Bridge Avenue, Bldg. 6LL
Red Bank, NJ 07701
(732)-219-9000
Attorneys for the Respondent