# PARAS, APY & REISS

*21 Years of Professionalism*

## A Professional Corporation for the Practice of Family Law

BONNIE M.S. REISS o +
PATRICIA E. APY *
PETER C. PARAS o

MICHAEL J. FLERES ◊
ELISSA A. PERKINS

o *Fellow, American Academy of Matrimonial Lawyers*
\* *Fellow, International Academy of Family Lawyers*
\+ *Supreme Court of New Jersey Approved Mediator*
◊ *Certified by the Supreme Court of New Jersey as a Matrimonial Law Attorney*

THE GALLERIA
2 BRIDGE AVE., SUITE 601
RED BANK, NJ  07701
TELEPHONE (732) 219-9000
FACSIMILE (732) 219-9020
EMAIL familylaw@parasapyreiss.com
WEBSITE www.par-law.com

PARALEGALS:
AMY BROZA
ANN POWELL
SUSAN N. RHONHEIMER

August 2, 2018

Hon. Leda Dunn Wettre
United States Magistrate Judge
District of New Jersey Newark
MLK Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

      RE:    Gerval v. Gonzales
               Case No. 2:17-cv-12179-SDW-LDW

Dear Judge Wettre:

     As you may recall, I have been appointed, by order dated March 14, 2018 by the Honorable Susan D. Wigenton, to serve as the Law Guardian in the above captioned matter. Your honor confirmed my appointment in that capacity, after motion practice by the petitioning parent, by your order dated June 29, 2018.

     First, and in accordance with that order, please be advised that I am available to participate in a settlement conference, on any date convenient for the Court in August, other than August 6th, 7th and 20th. Further, I am available September 4-7th and September 17-21st.

     Additionally, I have now had the opportunity to review responsive pleadings filed by both parties in this matter, and must draw the Court's attention to a persistent and troubling mischaracterization of my role, which continues to serve as the origin of difficulties in this matter. In his reply papers, Mr. Gerval through his counsel references his objection to "the Guardian Ad-Litem's Response".

     This Court affirmed my appointment in the capacity of **Law Guardian**, under the authority of the Court pursuant to 22 USC 9004 (a). The order was specific in denominating my contemplated service, not as a witness providing a report to the Court, or in opining on the ultimate determination that the Court should make. The order appointed to me to represent *as counsel* the interests of the minor child. Specifically, the order indicates:

# PARAS, APY
# & REISS

The Hon. Susan D. Wigenton
August 2, 2018
Page 2

> **ORDERED** that all of the services rendered by the Law Guardian shall be to this Court on behalf of the child. The Law Guardian shall conduct such interviews and investigations as she may deem necessary and relevant, *and shall file any pleadings on behalf of the child's interest, including but not limited to, defenses or applications for further preventative measures. The Law Guardian should ensure that facts and arguments relevant to the disposition of the case, and which are therefore critically relevant to the child's interests, are brought to the Court's attention;* ( emphasis provided ) Order of the Hon. Susan D. Wigenton dated March 14, 2018.

In representing the interests of a minor child who is not old enough to directly articulate facts sufficient to independently formulate arguments with regard to the issues presented in a contested international treaty matter, the Law Guardian is left with the responsibility to review the factual allegations and assertions which are set forth by their parents, and identify for the Court (in the form of responsive pleadings) those issues that have been so implicated.

It should be noted, that despite having had the opportunity to do so within the body of Judge Wigenton's Order, there has been no request made by the Petitioner to seek an order providing for the exercise of provisional access in any form, during the pendency of these proceedings. Further, despite having been invited, from the date of my appointment forward, to provide any facts, evidence or information on behalf of the minor child from the Petitioner, through counsel or otherwise, the Petitioner has chosen not to do so.

With regard to the legal arguments, it is anticipated that should settlement conferences be ineffective, as Law Guardian, I would submit a Trial Memoranda (if necessary) confirming any legal arguments to be made on behalf of the minor child, which are most responsive to the factual assertions presented by both parties.

However, I would note the following, for the purposes of clarifying my position on behalf of the child, and in advance of settlement conferences.

- Mr. Arenstein appended an unreported decision rendered in one of his own cases, from another circuit. *Souratgar v Fair,* an opinion rendered in a matter litigated in the Southern District of New York. Counsel directs the Court's attention to a footnote found in that decision which addressed testimony solicited from a *Guardian ad Litem,* a professor who had been appointed by the Court and who had provided correspondence to the Court. Counsel adds that the decision was affirmed by the Second Circuit Court of

# PARAS, APY & REISS

The Hon. Susan D. Wigenton
August 2, 2018
Page 3

Appeals. However it must be noted that the subsequent appellate treatment did not in any way address or affirm any issue related to testimony offered by a Guardian ad Litem. 720 F.3d 96; 818 F.3d 72.

- The application of the Treaty is necessarily impacted by a child having become "well-settled" within the meaning of Treaty. The timing of the filing of the Petition, in relation to the Petitioner's assertions of "wrongfulness" of the removal, is an issue subject to dispute by the parties. While a New York Family Court may have found that the age of the child was somehow relevant to the components of having been "well-settled", no Federal authority stands for that proposition. There is no question that the Petition must be filed with the Court of record, not the Central Authority, and when the Petition is considered filed beyond 12 months from the date alleged to constitute the "wrongful removal" that the Respondent may assert that a child has become "well settled", and request the Court exercise its discretion to decline a return. *Belay v. Getachew*, 272 F. Supp. 2d 553 (D. Md. 2008); *Wojcik v Wojcik*, 959 F.Supp 413,420 (E.D. Mich 1997); *In re D.D.* 440 F. Supp 2d 1283,1298 ( M.D.Fla. 2006); *Muhlenkamp v Blizzard*, 521 F. Supp 2d 1140 ( E.D. Wash. 2007). The Petitioner concedes that the retention he asserts as wrongful began started in July 2016. The first judicial application was filed on November 29, 2017.

Finally, I would reassert that my appointment before the Court is as a Law Guardian, and not a Guardian ad Litem. I have filed responsive pleadings, not an evidential report for the Court. I am acting as counsel for the interests of the child within these proceedings, not as a witness. In the event that the settlement discussions are unsuccessful, and this matter is subject to hearing, I expect that I would submit a trial memoranda on any issues not adequately raised or briefed by the parties, or as addressed sua sponte by the Court.

Respectfully,

Patricia E. Apy

PEA/
cc: Honorable Susan D. Wigenton
    Robert Arenstein, Esq.
    Richard Min, Esq.
    Kristi Lipari, Esq.