

**Weinberger Divorce & Family Law Group**

119 Cherry Hill Road, Suite 120, Parsippany, NJ 07054
(973) 520-8822      (973) 520-8811

*Offices: Bedminster • Cranford • Freehold • Hackensack • Mount Laurel • Parsippany*

December 12, 2018

<u>*Via Electronic Filing*</u>
Honorable Susan D. Wigenton
United States District Court
District of New Jersey
Martin Luther King Building & US Courthouse
50 Walnut Street, Room 5060
Newark, New Jersey 07101

> Re:  Gerval v. Gonzalez
>      *Case No. 2:17-cv-12179-SDW-LDW*

Dear Judge Wigenton:

 Pursuant to Magistrate Judge Leda D. Wettre's text order on November 14, 2018 issued as a result of the telephonic conference between all counsel, the parties' Counsel were directed to submit a joint letter with respect to their positions on whether a motion for Summary Disposition filed by the Law Guardian would be appropriate to precede a trial in this matter.  Notwithstanding the Court's Order, Counsel for Petitioner has unilaterally submitted his position statement without advanced notice to all counsel in this matter despite my attempts to facilitate a joint letter.

 Immediately following the telephonic hearing with Judge Wettre, Counsel conferred and agreed that Counsel for Petitioner would set forth their position statement first, followed by the Law Guardian and then myself.   After having received nothing from Petitioner's Counsel, I emailed all Counsel, including Mr. Arenstein on December 6, 2018 requesting the status of Petitioner's position statement to which Mr. Arenstein responded that he would advise the following day which never occurred.  I again reached out to Mr. Arenstein on December 10, 2018 in an effort to facilitate the joint letter to which he responded that I would hear from him by the following morning. In lieu of a response to my inquiries and my attempts to comply with Your Honor's Order, Mr. Arenstein filed his own position statement without providing all counsel the opportunity to generate a joint letter in compliance with the Court's Order.

 In light of Mr. Arenstein's refusal to participate in the joint letter ordered by the Court, Respondent's position statement shall be set forth herein.   On March 14, 2018, the Court ordered and appointed Ms. Apy as Counsel on behalf of the minor child pursuant to 22 U.S.C. § 9004(a) governing the authority of the courts in International Child Abduction cases under the Hague Convention on the

---

Kourtney Borchers, Esq. ⓟ
Erin B. Brueche, Esq. ⊙Ⓝ
Dianna C. Cavaliere, Esq. ⊙Ⓝ✱
Janet B. Coven, Esq. ⓟ⊙✓
Alison M. Dunn, Esq. ⊙Ⓝ✓
Mara L. Dooskin, Esq. Ⓝ
Matthew G. Gerber, Esq.

Allison E. Holzman, Esq. Ⓝ✱✓
Robyn N. Howlett, Esq. ⊙✓Ⓝ
Marquis D. Jones, Jr., Esq. ⊙ⓃⒸⓅ✱
Daniel R. Kraft, Esq. ✱
Kristy Lipari, Esq.
Heather K. Martin, Esq. ✱✓
Samantha K. Massenzio, Esq. Ⓝ

Laura M. Mendonca, Esq. ⊙
Nickolas C. Mourtos, Esq.
Veronica R. Norgaard, Esq. ⊙Ⓝ
Carmela L. Novi, Esq. ⊙Ⓝ✱
Stephanie O'Neill, Esq. Ⓝ
Rachel E. Partyka, Esq. ⊙Ⓟ
Ryan D. Russell, Esq.

Rick Schneider, Esq. ⊙✱
Jessica Ragno Sprague, Esq. ⊙
Raquel Vallejo, Esq. Ⓓ
Jennifer D. Varga, Esq. ✓
Crystal M. Ullrich, Esq.
Bari Z. Weinberger, Esq. ⊙✱✓

⊙ CERTIFIED BY THE SUPREME COURT OF NJ AS A MATRIMONIAL LAW ATTORNEY
✱ OF COUNSEL
✓ QUALIFIED FAMILY LAW MEDIATOR
  COLLABORATIVE LAW ATTORNEY

Ⓝ ALSO ADMITTED IN NEW YORK
Ⓒ ALSO ADMITTED IN CONNECTICUT
Ⓓ ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
Ⓟ ALSO ADMITTED IN PENNSYLVANIA



Honorable Leda Dunn Wettre, U.S.M.J.
December 10, 2018
Page 2

Civil Aspects of International Child Abduction, and guided by Federal Rule of Civil Procedure 17(c). This Order which specifically grants the Law Guardian the ability to file applications and pleadings has remained undisturbed. Mr. Arenstrein's position that the Law Guardian is not a party to the case is undisputed. At no time has the Law Guardian attempted to insert herself into this matter as a party to this case. Instead, the Law Guardian's role has been clear as Counsel for the child. As such, the Law Guardian certainly has standing to file pleadings and motions on behalf of the child. Mr. Arenstein attaches and continues to rely upon his previous reply submitted in response to the Law Guardian's Response to the Amended Petition. Notably, Mr. Arenstein uses the terms Law Guardian and Guardian Ad Litem interchangeably throughout his submission. The role of a Law Guardian and a Guardian Ad Litem differ substantially as a Law Guardian's role is to provide legal counsel for the child whereas a Gurdian Ad Litem's role is to protect the best interests of the child. Mr Arenstein cites to *Souratgar v Fair* 12-cv-7797, USDC SDNY, Page 12, Affirmed 12- 5088, Second Circuit Court of Appeals in support of his position that the Law Guardian's role is limited. However, that case specifically utilized a Guardian Ad Litem and is therefore irrelevant to the case at bar.

In light of the aforementioned, it is absolutely appropriate for the Law Guardian, as Counsel for the child, specifically appointed by the Court with the ability to file pleadings and applications, to file a Motion for Summary Disposition in this matter.

Respondent is not requesting discovery in this matter.

Respectfully Submitted,
**WEINBERGER DIVORCE & FAMILY LAW GROUP, LLC**

By:  Kristy Lipari /s/
KRISTY LIPARI, ESQ. (KL3196)
WEINBERGER DIVORCE AND FAMILY LAW GROUP, LLC
Attorneys for Respondent

cc. Robert Arenstein, Esq. via ECF
    Patricia Apy, Esq. via ECF