# PARAS, APY & REISS

*21 Years of Professionalism*

*A Professional Corporation for the Practice of Family Law*

BONNIE M.S. REISS o +
PATRICIA E. APY *
PETER C. PARAS o

MICHAEL J. FLERES ◊
ELISSA A. PERKINS

o *Fellow, American Academy of Matrimonial Lawyers*
* *Fellow, International Academy of Family Lawyers*
+ *Supreme Court of New Jersey Approved Mediator*
◊ *Certified by the Supreme Court of New Jersey as a Matrimonial Law Attorney*

THE GALLERIA
2 BRIDGE AVE., SUITE 601
RED BANK, NJ 07701
TELEPHONE (732) 219-9000
FACSIMILE (732) 219-9020
EMAIL familylaw@parasapyreiss.com
WEBSITE www.par-law.com

PARALEGALS:
AMY BROZA
ANN POWELL
SUSAN N. RHONHEIMER

December 14, 2018

Hon. Leda Dunn Wettre
United States Magistrate Judge
District of New Jersey Newark
MLK Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

    RE:    Gerval v. Gonzales
             Case No. 2:17-cv-12179-SDW-LDW

Dear Judge Wettre:

    As you recall, I was appointed *sua sponte* by order dated March 14, 2018 by the Honorable Susan D. Wigenton, to serve as the Law Guardian in the above captioned matter. Your Honor confirmed my appointment in that capacity, after motion practice by the Petitioning parent, by your order dated June 29, 2018.

I would also direct the Court to my previously submitted correspondence, authored August 2, 2018 in advance of the scheduled settlement conference, which reiterated the circumstances of my appointment, and the authority and duties reflected in the express terms of Judge Wigenton's order.

    In furtherance of the resolution of the latest in a series of objections raised by Petitioner's counsel in his letter dated December 11, 2018, the Law Guardian respectfully continues to disagree with the position advanced on behalf of the Petitioner, and concurs with the position advanced by the Respondent.

    Additionally, I will briefly revisit the continuing misunderstanding counsel for the Petitioner has with regard to my role in service to this Court.

    Judge Wigenton, issued her order of appointment nine *months* ago, that I serve in the capacity of legal representative of the child. My duties are expressly included in the order. That order references both the International Child Abduction Remedies Act, 22 USC 9001, et seq. and Federal Rule of Civil Procedure 17 ( c ) .

    The authority for the appointment of a legal representative for the child, under the Federal rules provided Judge Wigenton with express authorization and inherent power and

# PARAS, APY & REISS

Hon. Leda Dunn Wettre
December 14, 2018
Page 2

discretion to protect any minor ( or an incompetent person's) rights and interests in any federal court proceeding, through the appointment of counsel. This Court's discretion to determine a minor's need for representation, and the specifications of that representation are broad. *Adelman v. Graves*, 747 F2d 986,988 (5th Cir. 1984); *Gardner v. Gardner v. Parson*, 874 F2d. 131, 140 (3d Cir. 1989)

Specifically, in cases brought under International Child Abduction Remedies Act, it is a matter of settled Supreme Court law, that in such cases, FRCP 17 provides authority of the Court in the proper circumstances to appoint counsel for the child.

"Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'Courts can achieve the ends of the Convention and ICARA- and protect the well-being of the affected children-through familiar judicial tools' ..." *Chafin v. Chafin*, 133 S.Ct. 1017, 1026-27, 185 L.Ed 2d 1 (2013)

The 5th Circuit, in *Sanchez v, R.G.L.* 761 F3d 495 ( 5th Cir. 2014) , in reliance on the United States Supreme Court's determination, directed in a case in which separate legal representation was sought by motion; " We find that the children should now be appointed formal legal representation. The children's fundamental interests are at stake in the district court's proceedings..." See also, *Walsh v Walsh*, 221 F3d 204, 213 (1st Cir. 2000); *Lieberman v. Rabachnik*, 2007 US Dist Lexis 95390 (D. Colo. Dec.19, 2007)

In the instant case, the persistent delays engendered by the Petitioner's actions within the litigation , including but not limited to , his earlier motion and his current objections to the Law Guardian, has worked to prejudice the rights and interests of the minor child. Because there is a pending Hague Application, the Respondent mother has been stayed, under Article 16 of the Treaty from completing the best-interest determination that she filed and sought on May 3, 2017 in State Court in New Jersey, nearly seven months before the Petitioner filed this action. In the meantime, the Petitioning parent is advancing custody proceedings in the French Court.

Respectfully,

Patricia E. Apy

PEA/ab
cc:  Honorable Susan D. Wigenton
     Robert Arenstein, Esq.
     Richard Min, Esq.
     Kristi Lipari, Esq.