## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| In the Matter of C.G.       )<br><br>Emeric Gerval,       )<br><br>              Petitioner,    )<br><br>            v.              )<br><br>Niurkas Gonzalez,       )<br><br>              Respondent. )   | Case No. 17-cv-12179 |

## MEMORANDUM OF LAW
## IN OPPOSITION TO LAW GUARDIAN'S MOTION FOR SUMMARY DISPOSITION

Petitioner ("Petitioner" or "Mr. Gerval"), by and through his attorney, Robert D. Arenstein, Esq., respectfully submits this Memorandum of Law in Opposition to the Law Guardian's Motion for Summary Disposition. (ECF No. 63).

The Law Guardian's brief in support of her motion for summary disposition erroneously and puzzlingly argues that there are no genuine issues of material fact present in the instant matter and, in support of this meritless position, references numerous questions of material fact that can only be resolved by the Court following an evidentiary hearing. Many arguments she raises also fall into the category of affirmative defenses, which are Respondent's burden to prove and are based on heavily disputed factual contentions. Due to these factual disputes, the Court can only resolve the conflict at the heart of this matter after an evidentiary hearing and her motion should be denied.

The *prima facie* case for return must show that a child has been wrongfully removed to, or retained in, any contracting state in violation of the rights of custody of any person, institution,

or other body.  The Convention defines a "wrongful removal or retention" as (1) a breach of the rights of custody according to the law of the country where the child was habitually resident, (2) where these "rights of custody" were actually being exercised, or would have been exercised but for the wrongful removal or retention.  Convention, art. 3.  Mr. Gerval, should be afforded the opportunity to present evidence to this Court in order to prove his case and secure the return of the child to France, her habitual residence.

**The Law Guardian's Motion for Summary Disposition**
**<u>Should Be Denied Because There Are Numerous Genuine Issues of Material Fact</u>**

    1.  <u>Habitual Residence</u>

United States courts view the habitual residence issue as a mixed question of law and fact that is a highly fact-specific inquiry. *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir. 2001).  It is obvious that there are genuine issues of material fact regarding the child's habitual residence from the Law Guardian's own brief.  The foundational basis of her brief is her claim that there is no issue of fact as to whether France was the subject child's habitual residence prior to her removal to the United States in or around August 2015.  First, it should be stated that this position is undercut by the claims in the party's pleadings.  Unsurprisingly, the issue of the child's habitual residence is an obvious factual dispute in this action.  Mr. Gerval's position is that France is the child's habitual residence.  Ms. Gonzalez refutes that position.  In order to resolve this issue, the Court must engage in the "highly fact-specific inquiry" contemplated by the *Mozes* court.  This disagreement alone makes clear that the Law Guardian's argument does not hold water, and the very fact that the parties contest whether the child was habitual resident of France prior to July 2016 warrants denial of her application.

The Third Circuit blends an objective consideration of the child's factual experiences with a consideration of parental intent.  It has developed a mixed approach to determining the

child's habitual residence, focusing on the child as well as considering the parents' present

shared intentions regarding their child's presence in a particular location. *Tsai-Yi Yang v. Fu-*

*Chiang Tsui*, 499 F. 3d 259, 271-72 (3d Cir. 2007). *See also Karpenko v. Leendertz*, 619 F.3d

259, 264 (3d Cir. 2010); *Karkkainen v. Kovalchuk*, 445 F.3d 280, 291 (3d Cir. 2006); *Whiting v.*

*Krassner*, 391 F.3d 540, 548-50 (3d Cir. 2004); *Delvoye v. Lee*, 329 F.3d 330, 334 (3d Cir.

2003).

The Third Circuit, in *Whiting v. Krassner,* 391 F.3d 540 (3d Cir. 2004), stated than an

inquiry that focuses more on the circumstances of the child was appropriate for children of at

least four (4) years of age or older, while focusing on shared parental intent is appropriate for

children up to 18 months of age.  In *In re Application of Adan,* 437 F.3d 381 (3d Cir. 2006), the

Court found that a child of four (4) years old was "too young to have an intent regarding her

habitual residence" and therefore the inquire was the "shared parental intent."

In this case, the child is currently three (3) years old and therefore the parental intent

should control where the child's habitual residence was immediately prior to the wrongful

retention.  The child was approximately five (5) months old when she left France for an agreed

temporary six (6) months stay in the United States before returning to France.  Therefore, the

intent the of the parties was to return to France and raise the child there.  The habitual residence

is therefore France.  Given these facts, this Court should deny the Law Guardian's motion for

summary disposition because there is, at very least, a dispute regarding the child's habitual

residence which requires fact finding if Respondent does not consent to the child's habitual

residence being France.

The foregoing case law further makes clear that Mr. Gerval has a valid basis for asserting

that France was the subject child's habitual residence before the wrongful removal and retention.

This Court should not, without any additional facts or evidence, accept the Law Guardian's unwarranted conclusion that France was not the habitual residence and dismiss the Petition on that basis. Since parental intent is such an important factor in determining habitual residence, the Court should only make such a determination after a fact specific inquiry regarding the parents in this action. This fact alone should warrant the denial of the Law Guardian's motion, which in essence claims that there is no possible way that the parties could have shared a mutual intent for the child to be a French habitual resident.

The Amended Verified Petition for the Return of the Child, dated December 3, 2017, (the "Petition") states: "The parties shared an intent for the Child to reside in France upon the completion of Respondent's course of studies. Respondent wrongfully retained the minor child from France on July 19, 2016 and has wrongfully retained the minor child in a foreign jurisdiction since that time." Petition, ECF No. 4 ¶ 15. Defendant's Answer to Plaintiff's Amended Verified Petition and Affirmative Defenses, dated March 7, 2018, (the "Answer"), responds by denying that allegation. *See* Answer, ECF No. 25 ¶ 15. This very issue, whether the parties intended for the child to return to France at the date of removal, is central to this action and clearly in dispute. This is an unequivocal factual, material issue that exemplifies why the Court should not grant the motion for summary disposition.

The issue of whether Petitioner consented to the subject child remaining in the U.S. is, like nearly every other major issue in this action, contested. This disagreement was highlighted previously in filings from both the Law Guardian and Petitioner. In her Response to Petitioner for Return, Application for Dismissal and Alternate Relief, dated July 16, 2018, (the "Law Guardian's Response"), she inexplicably argued that the Petition should be dismissed because, despite Ms. Gerval's unequivocal contrary assertion, "Petitioner consented to an extension of

4

time for an indeterminate time in the United States, without an express extension of the prior written consent." Law Guardian's Response, ECF No. 42 ¶ 13. She went on to claim that, because Mr. Gerval provided this phantom blanket, unlimited consent, "Either the Petitioner agreed in January 2016 that the minor child could remain in the United States an indeterminate time, or he acquiesced to the minor child remaining in the United States. *Id.*, ¶ 14.

The Law Guardian here referenced a disputed issue of fact that directly undermines her own motion for summary disposition. She offered this meritless argument despite the statement in the Petition that "While in the United States, Respondent informed Petitioner that she required one additional semester to complete here studies and would return in July 2016 instead," and that "Petitioner consented to the return of the Child to France in July 2016." Petition, ECF No. 4 ¶11. It is also important to note that, in her Answer, Respondent denied these allegations. *See* Answer, ECF No. 25 ¶ 11. Therefore, the pleadings lay out a crucial factual dispute – whether Respondent told Mr. Gerval that she required an additional semester in the U.S. and wanted to return to France with the child in July 2016 rather than January 2016, as previously planned. In the instant action, since the Petitioner allegedly consented to an extension of the child's stay, the retention became wrongful at the conclusion of the extension. *See e.g. In re Cabrera,* 323 F.Supp.2d 1303, 1312-13 (S.D. Fla. 2004). The Court will need to make a finding of fact regarding this issue, and that can only be done after an evidentiary hearing.

This, again, is yet another a fiercely disputed issue at the heart of this action. Mr. Gerval asserts that he gave a strictly temporally limited consent for the child to remain in the United States. Respondent denies that he did so, and the Law Guardian cannot herself even state with certainty if he either (i) gave consent for an indeterminate stay in the U.S., or (ii) acquiesced to the child staying after January or July 2016. Mr. Gerval should be permitted to present evidence

5

at a hearing to support his allegation that the retention was wrongful and establish his valid

assertion that he gave Respondent consent to keep the child in the United States only until July

2016[1]. Clearly, the issue of whether Mr. Gerval consented to the child remaining in the U.S.

after July 2016 is a material issue in genuine dispute. This is yet another contested issue

exemplifying why the Court should deny the Law Guardian's motion for summary disposition.

    2. <u>Rights of Custody</u>

    The pleading and submissions before this Court thus far therefore establish a number of

material factual issues in genuine dispute. Even the most basic factual determination – that of

whether Petitioner has and was exercising custody rights over the child – is sharply contested.

    The Petition unequivocally states:

> Petitioner has a right of custody of the child within the meaning of Articles 3 and 5 of the
> Convention as he is the biological father of the Child. The parties signed a document
> acknowledging both Petitioner and Respondent as the legal custodians of the Child.
> Further, French Civil Code Article 372 states that "the father and the mother share the
> parental authority" and Article 373-2 states that "the separation of the parents does not
> have any impact on the rules of devolution of the parental authority." Therefore,
> Petitioner has custody rights pursuant to the Convention.

Petition, ECF No. 4 ¶ 25. The Petition also asserted that Petitioner had been exercising his

custody rights since the child's birth. Petition, ECF No. 4 ¶ 17.

    In response to this allegation, which involves issues of both fact and law, Respondent

asserts that this paragraph includes statements of law "which are respectfully referred to the court

for determination." Answer, ECF No. 25 ¶ 25. Respondent herself acknowledges that this

crucial threshold issue must be determined by the Court. Further, Respondent, in her

Affirmative Defenses, directly disputes that Petitioner has custody rights over the subject child,

stating "Plaintiff failed to exercise any custody right over C.G." *Id.* at 5, ¶ 5. Since the issue of

---

[1]     Attached hereto as **Exhibit A** is the one-way ticket to France for July 2016.

whether Mr. Gerval had custody rights pursuant to the Convention and was exercising them at the time of the removal is in dispute, this Court should deny the Law Guardians motion for summary disposition.

The exercise of custody rights has been broadly construed. A court may find the statutory language requiring "exercise" whenever a parent with custody rights keeps, or seeks to keep, any sort of regular contact with the child. *Friedrich II,* 78 F.3d at 1065. Courts charged with deciding "exercise" under the Convention must not cross the line into the underlying custody dispute. To avoid this possibility, U.S. courts have interpreted "exercise" broadly. *See id.* at 1063. *See also Hazbun Escaf v. Rodriquez,* 200 F. Supp. 2d 603, 612 (E.D. Va. 2002); *Freier v. Freier,* 969 F. Supp. 436, 441 (E.D. Mich. 1996); *Sampson v. Sampson,* 975 P.2d 1211, 1217 (Kan. 1999).

Moreover, under Fed. R. Civ. P. 44.1, when determining issues of foreign law, courts "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.; *A.A.M. v. J.L.R.C.,* 840 F. Supp. 2d 624, 629 (E.D.N.Y. 2012). Additionally, a "court is not limited by material presented by the parties; it may engage in its own research and consider any relevant material thus found," including in the public domain. Fed. R. Civ. P. 44.1 Advisory Committee's Note.

Further, Article 14 of the Convention permits courts to "take notice directly of the law of… the State of habitual residence of the child, without recourse to the specific procedures for the proof of that law… ." Article 7(e) of the Convention provides that the Central Authorities should "provide information about the law of their State in connection with the application of the Convention." *See Adan v. Avans,* 2007 WL 1850910 (D.N.J. 2007). This Court should therefore

permit Mr. Gerval to both provide his own as well as expert testimony, if necessary, in order to establish his custody rights under French law.

    3.  <u>Article 12 "Well-Settled" Defense</u>

The Law Guardian's brief in support of her motion concludes with a paragraph that is fatal to her own application.  In her conclusion, she argues (without any evidence in support of her position), that even if the child was wrongfully removed from France or retained in the U.S., the Court should deny the Petition because the child is "well-settled" in the U.S.  The issue of whether a child is well-settled is a fact specific question that must be determined through an evidentiary hearing.  Summary disposition cannot be accomplished to determine this specific issue, given the unique circumstances surrounding each case.  Summary disposition only appropriate for cases where facts are not in dispute and the court is simply presented a question as to the application of the law.

Petitioner concedes that one (1) year passed between the wrongful retention of the child and the filing of this instant action.  However, it is Respondent's (and not the Law Guardian's) burden to demonstrate that the child is well-settled in the United States.  22 U.S.C. § 9003(e)(2)(B).  The Sixth Circuit has noted that "[a] removing parent must not be allowed to abduct a child and then – when brought to court – complain that the child has grown used to the surroundings to which they were abducted."  *Friedrich v. Friedrich,* 78 F.3d 1060 (6th Cir. 1996).  Respondent cannot establish that the child is well-settled in the U.S. by simply proffering the "well-settled" affirmative defense in her pleadings – which is the entirety of what she has done thus far.

The Law Guardian asks the Court to rely on her own statements – arguments of counsel – to make this intensely fact specific determination.  Ms. Gonzalez's submissions at this point are

8

wholly insufficient to draw this conclusion, indeed they have been little more than standard pleadings admitting or denying certain allegations made by Mr. Gerval in the Petition. Asking this Court to make a discretionary determination as to whether the child is settled in the U.S. is simply not possible at this point. In addition, her conclusion contains a purported material fact that is clearly and unequivocally incorrect. She erroneously claims that "the child has lived from infancy exclusively in the United States." This is flat out incorrect, and the Petition establishes that the child was born in France on May 26, 2015 and lived there until August 2015. *See* Petition, ECF No. 4 ¶¶ 8-9. Ms. Gonzalez does not dispute that the child was born in France. *See* Answer, ECF No. 25 ¶ 8. Therefore, a fundamental fact upon which the Law Guardian's application rests – that the child has exclusively lived in the U.S. – is indisputably wrong.

The question of whether a child is well-settled in a new environment requires a fact-intensive, ad hoc inquiry. Some of the factors that courts have considered include "the child's age, the stability of the child's new residence, whether the child attends school, daycare or church regularly, the stability of the removing parent's employment, and whether the child has friends and relatives in the new area." *Cabrera v. Lozano*, 323 F.Supp.2d 1303 (S.D. Fla. 2004); *see also In re B. Del. C.S.B.*, 559 F.3d 999 (9th Cir. 2009). The U.S. State Department has noted that "nothing less than substantial evidence of the child's significant connections to the new country is intended to suffice to meet the respondent's burden of proof." State Dep't Legal Analysis § III(I)(1)(c), 51 Fed. Reg. at 10,509; *Zuker v. Andrews*, 2 F.Supp.2d 134 (D.Mass.), aff'd, 181 F.3d 81 (1st Cir. 1998); *In Re Koc*, 181 F.Supp.2d 136 (E.D.N.Y. 2001).

One particularly pivotal factor in the instant action is the child's young age. Her relative youth is a significant factor which increases the difficulty of Respondent's ability to establish that she is well-settled in the United States. Courts routinely find that very young children may

9

not have meaningful connections to their environment, even if a year has passed, since young children can more easily adapt to their new environment than older children. *See David S. v. Zamira S.,* 574 N.Y.S.2d 429 (1991); *Taveras v. Morales*, 22 F.Supp.3d 219, 236 (S.D.N.Y. 2014).

For example, in *Moreno v. Martin,* 2008 WL 4716958 (S.D. Fla. Oct. 23, 2008), a three (3) year old child was wrongfully removed from Spain and lived in the U.S. in a stable home, went to daycare and spent substantial time with family. The Court held that, primarily due to her young age, the child was not well-settled. In reaching its finding, the Court noted that such a young child did not have "the developmental capacity to engage meaningfully in such activities and be considered settled due to them."

Similarly, in *Blanc v. Morgan,* 721 F.Supp.2d 749 (W.D. Tenn. 2010), a four-year old child lived with her mother and grandmother in a stable home, went to day care, and summer camp. The child was found not to be sufficiently settled such that she would suffer an undue disruption if she were returned.

The case law on the well-settled affirmative defense should establish to the Court that this is not an appropriate issue to dispose of on pleadings alone, and should not be decided without the submission of significant evidence from Respondent and an opportunity for cross examination and rebuttal by Petitioner.

4.  Summary Disposition is not Warranted

Article 2 of the Convention requires courts to "use the most expeditious procedures available" to implement the objectives of the Convention. Article 11 of the Convention aspires to conclude proceedings within six (6) weeks of commencement of the proceedings. The U.S. Supreme Court has echoed this mandate, and in *Chafin v. Chafin*, 133 S.Ct. 1017,1027 (2012)

10

stated that "courts can and should take steps to decide these cases as expeditiously as possible…"
However, ensuring expeditious proceedings does not mean that cases should be decided by
summary judgment.  Even in cases where Hague proceedings have been determined by summary
judgment, the Court has first permitted the parties to enter into the record "voluminous
amount[s] of evidence" including briefs and even interviews with the children.  *See e.g. March v.
Levine,* 249 F.3d 462, 468 (6th Cir. 2001), quoting 136 F.Supp.2d 831 (M.D. Tenn. 2000).

Moreover, courts have generally ordered evidentiary hearings when the Convention's
exceptions have been raised.  In directly addressing this point, in *Velez v. Mitsak*, 89 S.W.3d 73,
84 (Tex. App. 2002), the court stated that "[i]t was surely not contemplated by the drafters of the
Convention that the provision requiring contracting states to use the most expeditious procedures
available to implement the objectives of the Convention would override a party's right to present
evidence on possible defenses."   The Seventh and First Circuits have reversed district court
decisions where the courts failed to hold evidentiary hearings.  For example, in *Van De Sande v.
Van de Sande*, 431 F.3d 567 (7th Cir. 2005), the Seventh Circuit found that it was inappropriate
for the lower court to summarily grant a petition to return the children to Belgium while finding,
without an evidentiary hearing, that such return would pose no grave risk to them.[2]  Likewise, in
*Danaipour v. McLarey*, 286 F.3d 1, 5 (1st Cir. 2002), the First Circuit reversed the district
court's decision and remanded the case for a hearing to determine, *inter alia*, if children were
abused.

Although there appear to be no hard and fast rules regarding when an evidentiary

---

[2]	Respondent proffered the affirmative defense that "[t]here is a grave risk of physical or
psychological harm if C.G. is returned to France."  Answer, ECF No. 25 at 5, ¶ 6.  Proving this
allegation absolutely requires an evidentiary hearing.

hearing should be held, courts tend to grant evidentiary hearings when genuine issues of material fact exist. *See In re* Tsarbopoulos, 243 F.3d 550 (9th Cir. 2000) (unreported disposition) (holding that the facts of the case precluded summary judgment, thus requiring an evidentiary hearing). This case is ripe with such issues, such as whether France was the child's habitual residence at the time of her retention in the U.S., whether Respondent told Mr. Gerval that she wanted to remain in the U.S. with the child until July 2016 for reasons related to her education, and whether Mr. Gerval consented to the child remaining in the U.S. until July 2016 after Ms. Gonzalez made those statements to him. All of these are disputed issues that are material to the Court's determination of this case and can only be resolved after the parties' offer evidence at a hearing.

In support of her argument that the Petition should be dismissed because the Court is not presented with any genuine issue for trial, Ms. Apy states that Mr. Gerval "urges that he withdraw [sic] his consent for the minor child to remain in the United States in July of 2016, however, the evidence indicates that after the express time period in the travel documents proffered, his consent was for an indeterminate period of time." In reality the evidence (which she does not cite or reference), consists of pleadings that allege precisely the opposite and state that Mr. Gerval did not give consent for the child to remain in the U.S. for in indeterminate period. It is respectfully submitted that – when evidence is submitted before the Court – the Court, and not the Law Guardian, should be the ultimate arbiter of what that evidence indicates.

**Conclusion**

The Court in the instant action should reach the conclusion that this action is not appropriate for summary judgement and that the Law Guardian's motion should be denied.

WHEREFORE, Petitioner respectfully requests that this Court deny the Motion for summary disposition in its entirety and set this matter down for a hearing and for such other relief as this Court deems just and proper.

Dated: March 4, 2019

Robert D. Arenstein (RA0580)
*Attorney for Petitioner*
691 Cedar Lane
Teaneck, New Jersey 07666
T:  (201) 836-9648
F:  (772) 679-3997