*LAW OFFICES OF*
## ROBERT D. ARENSTEIN
691 Cedar Lane, Teaneck, New Jersey 07666
(201) 836-9648
Fax: (772) 679-3997

ROBERT D. ARENSTEIN
MEMBER OF N.Y., N.J., FLA., AND D.C. BARS

NEW YORK OFFICE
295 Madison Ave, 16th Fl
New York, New York 10017
(212) 679-3999

April 30, 2019

<u>Via ECF</u>

The Honorable Susan D. Wigenton
U.S. District Court
District of New Jersey
50 Walnut St
Newark, NJ 07101

  Re: <u>*Gerval v. Gonzalez*</u>
     <u>No. 17-cv-12179</u>

Dear Judge Wigenton:

  I represent Emeric Gerval, the Petitioner in this matter. I write to request that the Court permit Petitioner, who is located outside of New York, to testify by video, based on good cause shown and the existence of compelling circumstances. <u>See</u> Fed. R. Civ. P. 43(a).

  Pursuant to Rule 43(a), and for "good cause in compelling circumstances and with appropriate safeguards," this Court has discretion to permit trial "testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *Air Turbine Tech. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) (the use of such contemporaneous transmission in lieu of live testimony is "expressly reserved to the sound discretion of the trial court"). More generally, this Court has broad discretion under Rule 611, Federal Rules of Evidence, over the mode of presenting testimony. Moreover, the Court has even greater discretion over the taking of evidence under the unique circumstances of a Hague Convention proceeding, such as this, which requires expeditious resolution in order to return abducted children to their "habitual residence" as soon as practicable. <u>See</u> 22 U.S.C. § 9005 (the Hague Convention broadly allows for admissibility of documentary evidence without authentication).

  There has been an increasing trend in federal courts of allowing the use of contemporaneous transmission of trial testimony, as an alternative to live testimony, particularly in civil proceedings. <u>See</u> *In re Vioxx Products Liab. Litig.[Merck Prods. Liab.*

*Litig]*, 439 F. Supp. 2d 640, 642-43 (E.D. La. 2006) (citing cases and legal commentators), *cited* in *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 480 (D. Md. 2010).

These cases reflect a "consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices." Id. (citing 9A Wright & Miller, Federal Practice & Procedure § 2414 (3d ed. 2008). "[W]hile videoconferencing has its shortcomings, it at least appears to be favorable to alternative methods, such as the submission of written deposition testimony" Id. (citing *Sallenger v. City of Springfield*, No. 03-3093, 2008 WL 2705442, at *1 (C.D. Ill. 2008)).

In the Hague Convention case of *Matovski v. Matovski*, 2007 WL 1575253 (S.D.N.Y. 2007), the petitioner moved to permit eight witnesses to testify telephonically at the child abduction trial, and also requested that he be permitted to testify telephonically, or in the alternative, via video link. Commenting on the petitioner's repeated attempts to delay trial, the court denied his motion requesting telephonic testimony of the witnesses and of himself. The court reasoned that contemporaneous transmission by telephonic conferencing "would not permit the Court to use all reasonably available tools to assess credibility." However, the court granted the petitioner's alternative request to testify by videoconference.

Petitioner asks the Court to take his testimony by live videoconference at the May 7, 2019 hearing or any later date to which the case is adjourned. We have received consent from Ms. Apy and await a request from respondent who is asking for an adjournment. We have no objection to the request for adjournment. Respondent will not be prejudiced by allowing Petitioner to testify by videoconference. He will testify in open court, under oath, and will be subject to cross-examination by Respondent's counsel. Hague Convention proceedings are not jury trials. Here, the Court is the fact-finder and will be able to observe his demeanor and evaluate his credibility in the same manner as if they were giving testimony in the courtroom. The Petitioner will ensure that "appropriate safeguards" are in place by coordinating with courtroom support personnel in advance of the hearing.

Thank you for your consideration. We are available at the Court's convenience to discuss these or other matters in advance of Friday's hearing.

Respectfully Submitted,

Robert D. Arenstein

cc: Crystal M. Ullrich (via ECF)
Patricia Apy (via ECF)