**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 15, 2019

Robert D. Arenstein, Esq.
691 Cedar Lane
Teaneck, NJ 07666
*Attorney for Petitioner Emeric Gerval*

Kristy Lipari, Esq.
Weinberger Divorce and Family Law Group
119 Cherry Hill Road
Suite 120
Parsippany, NJ 07054
*Attorney for Respondent/Defendant Niurka Gonzalez*

Patricia E. Apy, Esq.
Paras, Apy & Reiss, PC
The Galleria
2 Bridge Avenue
Red Bank, NJ 07701
*Attorney for the Minor Child C.G.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

 **Re: Gerval v. Gonzalez**
   **Civil Action No. 17-12179 (SDW) (LDW)**

Counsel:

  Petitioner Emeric Gerval ("Petitioner") brings this proceeding ("Petition") against Respondent Niurka Gonzalez ("Respondent") under the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.* (D.E. 4.) Petitioner alleges that beginning on July 19, 2016, Respondent wrongfully retained their minor daughter ("C.G." or "Child") in the United States and requests that the Child be returned to France. This Court assumes the parties are familiar with the factual issues in this matter and references only those facts relevant to, and

necessary for, the resolution of the Petition.[1] For the reasons stated herein, the Petition is **DENIED**.[2]

**DISCUSSION**

A.

The Hague Convention was enacted "to ensure the prompt return of children to the State of their habitual residence when they have been wrongfully removed" and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, Preamble, Art. 1. "Any person seeking the return of a child in the United States may commence a civil action under the Hague Convention by filing a petition in a court of the jurisdiction in which the child is located." *Benitez*, 2017 WL 1404317 at \*2 (citing 42 U.S.C. § 11603(b)). "[T]o state a *prima facie* case in a proceeding under the Hague Convention for the return of a child wrongfully removed to or retained in another State, the petitioner must establish by a preponderance of the evidence that: (1) the child was habitually resident in one State and was removed to a different State; (2) the removal was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of removal." *Id.*

Although the Hague Convention does not define "habitual residence," the Third Circuit defines the term to mean the place where the child "has been physically present for an amount of time sufficient for acclimatization and which has a 'degree of settled purpose' from the child's perspective." *Feder v. Evans-Feder*, 63 F.3d 217, 224 (3d Cir. 1995). A "determination of whether any particular place satisfies this standard must focus on the child and consists of an analysis of the child's circumstances in that place and the parents' present, shared intentions regarding their child's presence there." *Id.*

B.

In 2012, Petitioner, a citizen and resident of France, and Respondent, a citizen and resident of the United States, met and began a long-distance romantic relationship. (R. Ex. H; P. Ex. 5.)[3] In December, 2014, Respondent, then pregnant with the couple's child, submitted a request to the French embassy for a visa to travel to France for several months in order to give birth and "spend

---

[1] Pursuant to the narrow focus of the Hague Convention and the ICARA, this Court is not empowered make custody determinations nor to judge who is the more fit parent. *See Benitez v. Hernandez*, Civ. No. 17-917, 2017 WL 1404317, at \*1 (D.N.J. Apr. 18, 2017). Rather, this Court is limited to "restor[ing] the status quo where there has been a wrongful removal, and permit[ing] any rulings on divorce and custody to be made in the proper jurisdiction." *Id.*

[2] Petitioner initially moved for an Order to Show Cause for the Child's return on November 29, 2017. (D.E. 1.) On February 1, 2019, Patricia Apy, Esq., the court-appointed law guardian for the Child moved for summary judgment to deny the Petition on the then-existing record before the Court. (D.E. 63.) After reviewing the parties' respective filings on Ms. Apy's motion, this Court instead scheduled an evidentiary hearing which took place on July 1, 2019. Having heard testimony from the parties, this Court will dismiss Ms. Apy's motion for a ruling on the papers as moot.

[3] Citations to "R. Ex." refer to Respondent's exhibits entered into evidence during this Court's July 1, 2019 evidentiary hearing. Citations to "P. Ex." refer to Petitioner's exhibits entered into evidence during that hearing. Citations to "Tr." refer to the hearing transcript.

time [with Petitioner] during the first few months of [the Child's] life." (R. Ex. H.) The parties entered into a civil union in France on December 31, 2014, (D.E. 4 ¶ 7), and their minor child, C.G., was born there on March 26, 2015. (D.E. 4-3.) Five months later, Respondent returned to the United States with the Child in order to finish her university studies. (P. Ex. 7.) The parties signed an unnotarized document on August 13, 2015 indicating that Respondent had Petitioner's consent to travel to the United States with the Child until January 31, 2016. (D.E. 4-5; P. Ex. 6.) Respondent extended her stay through July 2016 with no objection from Petitioner. On February 26, 2016, one-way tickets were purchased for Respondent and the Child to travel to France on July 19, 2016. (P. Ex. 10.) In the interim, the relationship between the parties deteriorated. (*See* P. Ex. 9.) Petitioner traveled to the United States in July 2016, at which time Respondent informed him that she had cancelled the plane tickets for her and the Child. Petitioner returned to France, while Respondent and the Child remained in the United States.

Applying the Third Circuit's definition of habitual residence to the facts, this Court is satisfied that France was not C.G.'s habitual residence prior to her retention in the United States by Respondent. First, C.G. was only five months old when she left France, and as such, she could not have formed any meaningful attachment or connection to that country. Second, Petitioner has failed to show by a preponderance of the evidence that he and Respondent intended for France to be C.G.'s permanent residence. Not only had the parties resided in two different countries for the first years of their relationship, but Respondent's 2014 application for a visa to travel to France also indicated that she intended to return to the United States to finish her schooling by September 2015. (R. Ex. H.) Petitioner consented to the Respondent taking the Child to the United States for a year, consented to her obtaining her U.S. citizenship, and participated in her baptism in a New Jersey church. (R. Ex. C, I; Tr. at 11, 20-21.) Although the parties had discussions about Respondent and the Child returning to France and had purchased plane tickets for that return, those communications also indicate that Respondent was unsure about the stability of the relationship and whether she should return to France. (*See generally* P. Ex. 9; Tr. at 18-19.) Indeed, in April 2016, Respondent told Petitioner of her intent to remain in the United States. (P. Ex. 9; Tr. at 18, 21.)[4] As such, this Court holds that the parties did not have a "shared intent" regarding where C.G. should live and, as a result, C.G. was not habitually resident in France immediately prior to her retention by Respondent in the United States. Because Petitioner has failed to establish the first element of a *prima facie* case under the Hague Convention, his Petition will be denied.[5]

---

[4] The parties subsequently terminated their civil union in June 2017. (Tr. 22-23.)

[5] Even if C.G. has been wrongfully retained in the United States, denial of the Petition is also appropriate pursuant to Article 12 of the Hague Convention. Article 12 provides that even if a child has been wrongfully removed, return is not required if: 1) the judicial proceeding is commenced more than one year from the date of wrongful removal/retention; and 2) "the child is now settled in its new environment." Hague Convention, Art. 12. Petitioner alleges that C.G. was wrongfully retained in the United States beginning on July 19, 2016, (D.E. 4 ¶ 15), but did not file his Petition in this Court until November 29, 2017. (D.E. 1, 2.) The record reflects that the minor Child, who is currently four years old, has resided in the United States since she was five months old and holds U.S. citizenship. (R. Ex. C.) She was baptized in and is a parishioner of a local church, attends pre-school where she is achieving appropriate developmental milestones, receives routine medical care and required vaccinations, and regularly visits with her mother's extended family who also reside in the same town in New Jersey. (*See* R. Ex. I, K, L, M, O; Tr. 23-24.) This Court holds, therefore, that C.G. is well-settled in the United States and given that the Petition was filed more than a year after the alleged date of wrongful retention, return to France is not appropriate.

3

## **CONCLUSION**

  For the reasons set forth above, the Petition to return the minor Child to France is **DENIED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:   Leda D. Wettre, U.S.M.J.
    Parties

4